IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 01-274 |
| RONALD T. BOGLIN | : | |

## MEMORANDUM

**SURRICK, J.**                                              **JANUARY 28, 2022**

Presently before the Court is Defendant Ronald T. Boglin's Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (ECF No. 48.)  For the following reasons, Defendant's Motion will be denied.

## I.    BACKGROUND

On October 29, 2000, Defendant's eight-week-old son was brought to the hospital after being badly beaten.  (Presentence Report ("PSR") ¶ 8 (on file with Court).)  He was declared dead shortly after arrival.  (*Id.*)  Defendant admitted to shaking the infant to death.  (*Id.*)  As a result, police executed a search warrant on Defendant's residence and found a 9mm handgun and accompanying magazine under a mattress.  (*Id.*)  Police interviewed Defendant's girlfriend, who stated that Defendant had shown her the gun and placed it under their mattress.  (*Id.* ¶ 9.)  On October 5, 2001, Defendant entered a plea of guilty to murder in state court.  On November 30, 2001, he was sentenced to ten to twenty years in prison.

Defendant was prosecuted separately for possession of the gun.  On October 12, 2001, Defendant entered a plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), which prohibits any person who has been convicted of a crime punishable by imprisonment for a term exceeding one year from possessing

a firearm.  (ECF No. 19.)  At the time of his guilty plea, Defendant had four felony convictions:
On November 10, 1994, Defendant was sentenced to three concurrent sentences of one to two
years in prison for three counts of possession of a controlled substance with intent to deliver, 35
Pa. Stat. § 780-113(a)(30), and on May 3, 1999,  he was sentenced to a term of one to two years
in prison for theft by receiving stolen property, 18 Pa. Cons. Stat. § 3925.  (PSR, ¶ 25-27.)[1]  This
Court sentenced him in the instant case to 180 months in prison, followed by three years of
supervised release.  (ECF Nos. 23, 24.)

Nearly twenty years later, on June 21, 2019, the United States Supreme Court decided
*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019), which held that in prosecutions for
possession of a firearm by a convicted felon, "the Government must prove both that the
defendant knew he possessed a firearm and that he knew he belonged to the relevant category of
persons barred from possessing a firearm."  Defendant subsequently filed a *pro se* Motion
Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal
Custody, asserting that he is innocent of illegally possessing the firearm because he did not know
that he had previously been convicted of felony offenses.

## II.    LEGAL STANDARD

Section 2255 permits a prisoner in federal custody to challenge the validity of his
sentence.  28 U.S.C. § 2255; *see also United States v. Eakman,* 378 F.3d 294, 297 (3d Cir.
2004).  Any challenge to a defendant's conviction and sentence should be raised on direct
appeal.  *See Bousley v. United States,* 523 U.S. 614, 622 (1998) (noting that defendant's claims

---

[1] One of Defendant's three possession with intent to deliver convictions resulted from a plea of
no contest, whereas the other two resulted from pleas of not guilty.  "Under Pennsylvania law,
any 'adjudication of guilt' constitutes a 'conviction' for purposes of § 924(e)(1), and a plea of
*nolo contendere* appears to have the same legal effect as a guilty plea."  *United States v. Zareck*,
662 F. App'x 110, 115 (3d Cir. 2016) (internal citations omitted).

"can be attacked on collateral review only if first challenged on direct review"). Failure to do so creates a procedural default as to that issue. *United States v. Jenkins,* 333 F.3d 151, 154-55 (3d Cir. 2003). There are two exceptions to the procedural default rule: A defendant can demonstrate that there is "cause" and actual prejudice, or he can demonstrate that he is "actually innocent." *Bousley,* 523 U.S. at 622.

In order to establish a Sixth Amendment ineffective assistance of counsel claim, a defendant must show that: 1) his or her attorney's performance was deficient, and 2) the deficient performance prejudiced his or her defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). To establish deficient representation, a defendant must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn,* 166 F.3d 163, 169 (3d Cir.1999) (citing *Strickland,* 466 U.S. at 688). To establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695. Under *Strickland,* counsel is presumed to have acted within the range of "reasonable professional assistance." *Id.* at 689. Counsel cannot be held ineffective for failing to make meritless objections under prior precedent nor can counsel be found ineffective for failing to predict changes in the law. *See United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015); *see also Smith v. Murray*, 477 U.S. 527, 536 (1986).

## III. DISCUSSION

Defendant requests that we vacate his sentence because he entered a plea of guilty to possession of a firearm by a felon, even though the Government did not elicit during the guilty plea proceedings that he knew that he had been convicted of a felony. Defendant's claim is defaulted, and no exception to the procedural default rule applies. Defendant's basis for

requesting relief was not so novel that he could not have raised it on direct appeal, and there is no credible argument that Defendant did not know that he had felony convictions where the crimes (and their sentences) were listed on his PSR.  Moreover, counsel was not ineffective for failing to raise a meritless objection.

### A.      Procedural Default

The Government argues that Defendant's claims are procedurally defaulted because he did not assert that he did not know of the facts rendering him ineligible to carry a firearm prior to the instant motion.  Here, those facts would be that he was convicted of a prior felony.  18 U.S.C. § 924(g)(1).  Defendant did not raise this claim on direct appeal, so the claim is defaulted unless he demonstrates that there is "cause" for failure to raise the issue and actual prejudice, or that he is "actually innocent."  *See Bousley,* 523 U.S. at 622; *Jenkins,* 333 F.3d at 154-55.

#### 1.   Cause and Actual Prejudice

We first analyze whether defendant had cause for failing to raise the *Rehaif* claim on direct review and if there was prejudice by his failure to do so.  Cause exists where the defaulted issue was "so novel that its legal basis [was] not reasonably available" at the time of default. *Reed v. Ross*, 468 U.S. 1, 16 (1984).  A claim is "not reasonably available" when the Supreme Court explicitly overrules one of its precedents or overturns longstanding, widespread practice on an issue that the Court had not previously addressed, but "a near-unanimous body of lower court authority ha[d] expressly approved."  *Id.* at 17.  However, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." *Bousley*, 523 U.S. at 623.

*Rehaif's* central issue—whether the Government must prove that a defendant knew of the facts that rendered him ineligible to possess a firearm—was not so novel that it was not

4

reasonably available to him at the time of his conviction.  "The issue had been litigated in a number of circuit courts for decades. *United States v. Reap*, 391 F. App'x 99, 103-04 (2d Cir. 2010); *United States v. Kafka*, 222 F.3d 1129, 1131–33 (9th Cir. 2000); *United States v. Hutzell*, 217 F.3d 966, 967–68 (8th Cir. 2000); *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995); *United States v. Ballentine*, 4 F.3d 504, 506 (7th Cir. 1993); *United States v. Dancy*, 861 F.2d 77, 80 (5th Cir. 1988)."  *United States v. Saunders*, No. CR 10-442, 2020 WL 5569785, at *4 (E.D. Pa. Sept. 17, 2020).

District courts within this Circuit largely agree that failure to litigate a *Rehaif* claim does not constitute cause.  *See, e.g. Unites States v. Vilella*, No. 16-285, 2020 WL 6136139, at *3 (E.D. Pa. Oct. 19, 2020) ("In this circuit, arguments under *Rehaif* are not sufficiently novel in the § 2255 context. . . ."); *United States v. Darden*, No. 15-173, 2021 WL 4476889, at *5 (E.D. Pa. Sept. 30, 2021); *Stoner v. United States*, No. 16-357, 2021 WL 3472385, at *4 (M.D. Pa. Aug. 6, 2021); *United States v. Robinson*, No. 14-455, 2021 WL 2633629, at *3 (E.D. Pa. June 25, 2021) (observing that *Rehaif* claims had been "percolating in the courts for years").  Because the issue has been litigated for years preceding *Rehaif*, we agree that it was not so novel that its legal basis was not reasonably available to Defendant when he appealed his conviction.  Defendant has not shown cause.

Even if Defendant were able to establish cause, relief would still be denied because Defendant cannot establish prejudice.  Prejudice exists when the alleged error worked to the defendant's "actual and substantial disadvantage."  *United States v. Frady*, 456 U.S. 152, 170 (1982).  In the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "When defendants

have been convicted of, and have served time for felonies, there can be no doubt that they know

of their convictions of a crime punishable by a term of imprisonment exceeding one year."

*Vilella*, 2020 WL 6136139, at *3 (internal citations omitted).  Defendant was convicted of four

felonies, and the two-year maximum terms of imprisonment on each felony offense were listed

on his pre-sentence report.  (PSR, ¶ 25-27.)  Defendant served time for each conviction.  He did

not object to the Pre-Sentence Report at any time.  Defendant has no viable claim of actual

prejudice where the Government could certainly have proved that he obviously knew of his

sentence for each one of his prior convictions.

### 2.  Actual Innocence

Another exception to the procedural default rule is "actual innocence."  *Bousley,* 523 U.S.

at 622.  Under the actual innocence exception, a defendant who failed to raise a cognizable

Section 2255 claim in his or her direct appeal may nevertheless raise the issue collaterally if the

alleged constitutional error "has probably resulted in the conviction of one who is actually

innocent."  *Murray v. Carrier,* 477 U.S. 478, 496 (1986).  To prevail on a claim of "actual

innocence," the defendant must persuade the court that "no juror, acting reasonably, would have

voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

Courts in this District generally find that where a defendant has been previously sentenced for a

felony offense, he cannot prove actual innocence by asserting that he did not know he was

convicted of a felony.  *See United States v. Correa*, No. 08-459, 2020 WL 5517466, at *3 (E.D.

Pa. Sept. 14, 2020) (holding that the defendant knew of his convictions because his "Presentence

Investigation Report, to which he did not object, show[ed] that . . . [he] plead guilty to and was

convicted of four felony offenses under Pennsylvania law."); *see also Darden*, 2021 WL

4476889, at *3; *United States v. Roberts*, No. 15-387, 2020 WL 6700918, at *4 (E.D. Pa. Nov. 13, 2020).

Defendant pled guilty to multiple felonies with maximum terms of two years of imprisonment, and this information was included in his Pre-Sentence Report.  Defendant's ridiculous claim that he did not know of his four prior convictions—for which he served time in prison—does not establish actual innocence.

### B.    Ineffective Assistance of Counsel

To establish that a defendant's counsel was ineffective, a defendant must show that: 1) his or her attorney's performance was deficient, and 2) the deficient performance prejudiced his or her defense.  *Strickland,* 466 U.S. at 687.  However, counsel cannot be found ineffective for failing to make meritless objections under prior precedent, nor can counsel be ruled ineffective for failing to predict changes in the law.  *See Doe*, 810 F.3d at 154; *Murray*, 477 U.S. at 536.  In this case, counsel failed to predict a Supreme Court ruling that occurred nearly twenty years after Defendant entered a plea of guilty.  Counsel's failure to raise what would have been a meritless objection at the time or predict a future change in law do not constitute ineffective assistance. *Stoner*, 2021 WL 3472385, at *5 ("[U]ntil *Rehaif* was decided, the law in this Circuit was clear that Petitioner did not have a meritorious challenge to the Court's adverse pretrial ruling."); *Vilella*, 2020 WL 6136139, at *3.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's Habeas Corpus Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody will be denied.  An appropriate Order follows.

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**
